# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

KENNETH CRAWFORD, #143333

    Plaintiff,

v.

WASHINGTON et al

    Defendants,

Case No.: 4:17-cv-11423
District Judge: Linda V. Parker
Magistrate Judge: Anthony P. Patti

---

| | |
|---|---|
| KENNETH CRAWFORD, #143333<br>Muskegon Correctional Facility<br>2400 S. Sheridan<br>Muskegon, MI 49442<br>*Pro Se Plaintiff* | CHAPMAN LAW GROUP<br>Ronald W. Chapman Sr., M.P.A.,<br>LL.M (P37603)<br>Carly Van Thomme (P59706)<br>Attorneys for Defendants Quality Correctional Care<br>of Michigan and Craig Hutchinson, M.D. |
| MICHIGAN DEPT. OF ATTORNEY GENERAL<br>Elizabeth R. Husa-Briggs (P73907)<br>Attorney for MDOC Defendants<br>P.O. Box 30736<br>Lansing, MI 48909<br>(517) 373-6434<br>briggse1@michigan.gov | 1441 West Long Lake Rd., Suite 310<br>Troy, MI 48098<br>(248) 644-6326<br>rchapman@chapmanlawgroup.com<br>cvanthomme@chapmanlawgroup.com |

---

## QUALITY CORRECTIONAL CARE OF MICHIGAN AND CRAIG HUTCHINSON, MD'S MOTION FOR SUMMARY JUDGMENT

NOW COME Defendants, QUALITY CORRECTIONAL CARE OF MICHIGAN and CRAIG HUTCHINSON, MD, by and through their attorneys, CHAPMAN LAW GROUP, and file their Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56, stating as follows:

    1.    On April 28, 2017, Plaintiff filed his Complaint in this matter.

**(PageID.1-16)**

2.     Plaintiff's claims deliberate indifference under the Eighth Amendment and 42 U.S.C. § 1983. **(PageID.1-16)**

3.     For the reasons set forth in the Brief accompanying this Motion, there is no genuine issue of material fact regarding Plaintiff's claims against Defendants, and they are entitled to summary judgment in their favor.

4.     Concurrence in this motion has not been sought because Plaintiff is an incarcerated prisoner proceeding *pro se*.

WHEREFORE, Defendants QUALITY CORRECTIONAL CARE OF MICHIGAN and CRAIG HUTCHINSON, MD respectfully request that this Honorable Court grant their Motion for Summary Judgment, dismiss all claims against them with prejudice, and provide any and all such other relief as the Court deems just and equitable.

Respectfully submitted,
CHAPMAN LAW GROUP

Dated: December 29, 2017

/s/ Carly Van Thomme
Ronald W. Chapman Sr., M.P.A., LL.M. (P37603)
Carly Van Thomme (P59706)
Attorney for Defendants Quality Correctional Care of Michigan and Craig Hutchinson, MD
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
cvanthomme@chapmanlawgroup.com

2

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

KENNETH CRAWFORD, #143333

    Plaintiff,

Case No.: 4:17-cv-11423
District Judge: Linda V. Parker
Magistrate Judge: Anthony P. Patti

v.

WASHINGTON et al

    Defendants,

| | |
|---|---|
| KENNETH CRAWFORD, #143333<br>Muskegon Correctional Facility<br>2400 S. Sheridan<br>Muskegon, MI 49442<br>*Pro Se Plaintiff* | CHAPMAN LAW GROUP<br>Ronald W. Chapman Sr., M.P.A.,<br>LL.M (P37603)<br>Carly Van Thomme (P59706)<br>Attorneys for Defendants Quality Correctional Care<br>of Michigan and Craig Hutchinson, M.D. |
| MICHIGAN DEPT. OF ATTORNEY GENERAL<br>Elizabeth R. Husa-Briggs (P73907)<br>Attorney for MDOC Defendants<br>P.O. Box 30736<br>Lansing, MI 48909<br>(517) 373-6434<br>briggse1@michigan.gov | 1441 West Long Lake Rd., Suite 310<br>Troy, MI 48098<br>(248) 644-6326<br>rchapman@chapmanlawgroup.com<br>cvanthomme@chapmanlawgroup.com |

## QUALITY CORRECTIONAL CARE OF MICHIGAN AND CRAIG HUTCHINSON, MD'S BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

## PROOF OF SERVICE

# **TABLE OF CONTENTS**

INDEX OF AUTHORITIES ................................................................................. iii

INDEX OF EXHIBITS ........................................................................................vi

STATEMENT OF ISSUES PRESENTED........................................................... vii

INTRODUCTION AND STATEMENT OF FACTS ................................................1

LEGAL STANDARD ..........................................................................................3

LEGAL ARGUMENT ..........................................................................................5

CONCLUSION ....................................................................................................9

# **INDEX OF AUTHORITIES**

**Cases**                                               **Page**

*Adickes v. S.H. Kress & Co.*,
  398 U.S. 144 (1970)………………………………………………………….....3

*Allen v. Shawney*,
  2014 WL 1089618 (E.D. Mich. 2014)…………………………...…………….5

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986)……………………………………………………...…….3

*Blackmore v. Kalamazoo County*,
  390 F.3d 890 (6th Cir. 2004)………….............................................…..…8

*Coogan v. City of Wixom*,
  820 F.2d 170 (6th Cir. 1987)……………………………….…..……………...7

*Cox v. Kentucky Dept. of Transportation*,
  53 F.3d 146 (6th Cir. 1995)………………………………………….…..……4

*Duchon v. Cajon Co.*,
  791 F.2d 43 (6th Cir. 1986)……………………..………………………….....3

*Dunn v. State of Tenn.*,
  697 F.2d 121 (1983)………………………....………………………….…7

*Estelle v. Gamble,*
  429 U.S. 97 (1976)………………………………………….....……………….5

*Everson v. Leis*,
  556 F.3d 484 (6th Cir. 2009)………………………………….……………...4

*Ferrari v. Ford Motor Co.*,
  826 F.3d 885 (6th Cir. 2016)…………………………….…………………..4

*Garner v. Memphis Police Dep't*,
  8 F.3d 358 (6th Cir. 1993)…………………………………....….………...7

*Greene v. Barber,*
  310 F.3d 889 (6th Cir. 2002)……………………..……………..…………....…7

*Grinter v. Knight,* 5
  32 F.3d 567 (6th Cir. 2008)………………………….……………………………..7

*Lujan v. National Wildlife Federation*,
  497 U.S. 871 (1990)……………………………………………………………………4

*Monell v. Department of Social Servs.,*
  436 U.S. 658 (1978)……………………………………………………………………...7

*Napier v. Madison Cnty. Ky.*,
  238 F.3d 739 (6th Cir. 2001)…………………………………………………….….8

*Pearce v. Faurecia Exhaust Systems, Inc.*,
  529 Fed. Appx. 454 (6th Cir. 2013)……………………………………...…...4

*Scott v. Harris*,
  550 U.S. 372 (2007)………………………..……………………………………….3

*Street v. Corrections Corporation of America*,
  102 F.3d 810 (6th Cir. 1996)…………………………………………………..4, 7

*Summers v. Leis*,
  368 F.3d 881 (6th Cir. 2004)……………………………………………..……7

*Westlake v. Lucas,*
  537 F.2d 857 (6th Cir.1976)……………………………….……………....6, 7

*Williams v. Mehra*,
  186 F.3rd 685 (6th Cir. 1999)……………………………….…………………5

*Wilson v. Seiter,*
  501 U.S. 294 (1991)…………………………………………………………....5

*Youngberg v. Romeo*,
  457 U.S. 307 (1982)…………………………………………………....…6

## **FEDERAL RULES OF CIVIL PROCEDURE**

Fed. R. Civ. P. 56 ............................................................................................... 3, 7

## **FEDERAL STATUTE**

42 U.S.C. §1983 ............................................................................................ 1, 5, 7

## **INDEX OF EXHIBITS**

**EXHIBIT A**     Affidavit of Dr. Craig Hutchinson, M.D., F.A.C.P.

**EXHIBIT B**     Relevant Portions of Plaintiff's Medical Record

# **STATEMENT OF ISSUES PRESENTED**

SHOULD THE COURT GRANT SUMMARY JUDGMENT TO DEFENDANTS DR. HUTCHINSON AND QUALITY CORRECTIONAL CARE OF MICHIGAN BASED UPON PLAINTIFF'S EIGHTH AMENDMENT CLAIM OF DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS?

Defendants Answer:                                          YES
Plaintiff Answers:                                    UNKNOWN

### I.  INTRODUCTION AND STATEMENT OF FACTS

On April 28, 2017, Plaintiff Kenneth Crawford filed his Complaint against Defendants Quality Correctional Care of Michigan and Craig Hutchinson, MD in this matter, alleging deliberate indifference to serious medical needs under the Eighth Amendment and 42 USC 1983. (**PageID.1-16**). Mr. Crawford alleges that he learned in 2010 that he had Hepatitis C. (**PageID.6**). He admits that he received treatment in 2016; however, he claims that he should have received treatment sooner and claims that he suffered an injury as a result of the alleged delay. (**PageID.6-7**).

On all dates relevant to Plaintiff's Complaint, Craig Hutchinson, MD was a physician licensed in the State of Michigan. (**Exhibit A, ¶ 1**). He is currently the Clinical Consultant in Infectious Disease for Quality Correctional Care of Michigan, PC, a subsidiary of Corizon Health, Inc. (**Exhibit A, ¶ 2**). Among his job duties in this position, he provides evaluation and treatment of prisoners of the Michigan Department of Corrections ("MDOC") who have the Hepatitis C virus ("HCV") infection. (**Exhibit A, ¶ 3**). Accordingly, he is familiar with the HCV treatment protocol for inmates incarcerated within the MDOC. (**Exhibit A, ¶ 3**).

As the Clinical Consultant in Infectious Disease for Quality Correctional Care, Dr. Hutchinson works in conjunction with the MDOC with respect to the treatment of incarcerated individuals with HCV. (**Exhibit A, ¶ 4**). The HCV treatment program is implemented by the MDOC and follows the latest national

1

treatment guidelines. (**Exhibit A, ¶ 5**). The drugs required for the HCV treatment are paid for by the State of Michigan, not Corizon. (**Exhibit A, ¶ 5**). Accordingly, the number of inmates who can receive treatment at any one time is controlled by the MDOC and is commensurate with the numbers of individuals requiring treatment under the standards of the program. (**Exhibit A, ¶ 5**). In particular, under the MDOC program, inmates who have been identified as having HCV are monitored and prioritized for consideration for treatment. (**Exhibit A, ¶ 6**). Those inmates who need the treatment most immediately are provided access to the treatment first. (**Exhibit A, ¶ 6**).

On April 29, 2016, Dr. Hutchinson saw Mr. Crawford for a telemedicine consultation regarding his Hepatitis C infection. (**Exhibit A, ¶ 7; Exhibit B, pp. 1-3**). Dr. Hutchinson had been monitoring Mr. Crawford's condition for several years. (**Exhibit A, ¶ 7; Exhibit B, pp. 1-3**). Mr. Crawford had stage 4 fibrosis. (**Exhibit A, ¶ 7; Exhibit B, pp. 1-3**). On this date, Dr. Hutchinson determined that Mr. Crawford was next in line for treatment based upon the severity of his disease and that he would start him on Harvoni treatment for Hepatitis C as soon as there was an open slot in the treatment program. (**Exhibit A, ¶ 7; Exhibit B, pp. 1-3**). He also explained that his medical providers would monitor his cirrhosis with a liver ultrasound every six months indefinitely, even if his Hepatitis C treatment successfully eliminated the infection. (**Exhibit A, ¶ 7; Exhibit B, pp. 1-3**).

<u>Mr. Crawford's medical records reflect that he indeed began Harvoni treatment one month later on May 31, 2016 and finished treatment on August 22, 2016.</u> (**Exhibit A, ¶ 8, pp. 4-7**). Mr. Crawford's medical records reflect that as of December 5, 2016 treatment successfully had cured his Hepatitis C infection. (**Exhibit A, ¶ 9, pp. 4-7**). Follow-up testing in February 2017 confirmed the cure as well. (**Exhibit A, ¶ 9**). <u>In addition, Mr. Crawford's liver ultrasound test results have continued to be normal.</u> (**Exhibit A, ¶ 10**).

## II.    LEGAL STANDARD

Under Fed. R. Civ. P. 56, summary judgment is proper if the moving party demonstrates there is no genuine issue as to any material fact. The Supreme Court has interpreted this to mean that summary judgment is appropriate if the evidence is such that a reasonable jury could find only for the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The moving party has "the burden of showing the absence of a genuine issue as to any material fact." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

In resolving a summary judgment motion, the Court must view the evidence in the light most favorable to the non-moving party. *Duchon v. Cajon Co.*, 791 F.2d 43, 46 (6th Cir. 1986). However, a party opposing a motion for summary judgment must do more than simply show that there is some metaphysical doubt as to the material facts. *Scott v. Harris*, 550 U.S. 372, 380 (2007). Thus, "[w]here the record

taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Id*. (quotations and citation omitted). Similarly, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*

"Rule 56(e)(2) leaves no doubt about the obligation of a summary judgment opponent to make [his] case with a showing of facts that can be established by evidence that will be admissible at trial.. .." *Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009). Conclusory statements without demonstrated evidentiary support will not defeat a motion for summary judgment. *Ferrari v. Ford Motor Co*.,826 F.3d 885,897-898 (6th Cir. 2016)(quoting *Pearce v. Faurecia Exhaust Systems, Inc.*, 529 Fed. Appx. 454,458 (6th Cir. 2013). Moreover, a plaintiff cannot simply "replace conclusory allegations of the complaint . . . with conclusory allegations of an affidavit. *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888 (1990). As the Sixth Circuit stated, a party responding to a summary judgment motion must "put up" supporting evidence or "shut up" regarding his claim. *Street v. JC Bradford & Co*., 886 F.2d 1472, 1478 (6th Cir. 1989); *Cox v. Kentucky Dept. of Transportation*, 53 F.3d 146, 149 (6th Cir. 1995).

4

A claim made by an inmate or detainee that his constitutional right to medical treatment was violated is analyzed under the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97 (1976). To state a 42 U.S.C. § 1983 claim for a violation of a prisoner's Eighth Amendment rights due to inadequate medical care, the prisoner must allege facts evidencing a deliberate indifference to serious medical needs. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991); *Estelle*, 429 U.S. 97. To succeed on a claim of deliberate indifference, Plaintiff must satisfy two elements, an objective one and a subjective one. He must show he had a serious medical need, and he must show that defendant, being aware of that need, acted with deliberate indifference to it. *Wilson v. Seiter*, 501 U.S. 294, 300 (1991); *Williams v. Mehra*, 186 F.3rd 685, 691 (6th Cir. 1999).

### III. LEGAL ARGUMENT

**Argument 1: Defendant Dr. Hutchinson Was Not Deliberately Indifferent to Plaintiff's Serious Medical Needs.**

On April 29, 2016, Dr. Hutchinson saw Mr. Crawford for a telemedicine consultation regarding his Hepatitis C infection. (**Exhibit A, ¶ 7, pp. 1-3**). Dr. Hutchinson had been monitoring Mr. Crawford's condition for several years. (**Exhibit A, ¶ 7, pp. 1-3**). Mr. Crawford had stage 4 fibrosis. (**Exhibit A, ¶ 7, pp. 1-3**). On this date, Dr. Hutchinson determined that Mr. Crawford was next in line for treatment based upon the severity of his disease and that he would start him on Harvoni treatment for Hepatitis C as soon as there was an open slot in the treatment

5

program. (**Exhibit A, ¶ 7, pp. 1-3**). He also explained that his medical providers would monitor his cirrhosis with a liver ultrasound every six months indefinitely, even if his Hepatitis C treatment successfully eliminated the infection. (**Exhibit A, ¶ 7, pp. 1-3**).

<u>Mr. Crawford's medical records reflect that he indeed began Harvoni treatment one month later on May 31, 2016 and finished treatment on August 22, 2016.</u> (**Exhibit A, ¶ 8, pp. 4-7**). Mr. Crawford's medical records reflect that as of December 5, 2016 treatment successfully had cured his Hepatitis C infection. (**Exhibit A, ¶ 9, pp. 4-7**). Follow-up testing in February 2017 confirmed the cure as well. (**Exhibit A, ¶ 9**). <u>In addition, Mr. Crawford's liver ultrasound test results have continued to be normal.</u> (**Exhibit A, ¶ 10**).

Here, Mr. Crawford is dissatisfied with the timing of the treatment provided; however, differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis or treatment are not enough to state a deliberate indifference claim. *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976). Courts typically do not intervene in questions of medical judgment. *Youngberg v. Romeo*, 457 U.S. 307, 321 (1982). "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize

6

claims which sound in state tort law." *Westlake*, 537 F.2d 857 at n.5. Accordingly, Dr. Hutchinson is entitled to summary judgment in this action.

**Argument 2: Defendant Quality Correctional Care of Michigan Did Not Establish or Promulgate a Policy, Practice or Procedure That Was Deliberately Indifferent to a Substantial Risk of Serious Harm to Plaintiff.**

First, Quality Correctional Care of Michigan cannot be held liable under the theory of *respondeat superior*. *Monell v. Department of Social Servs.*, 436 U.S. 658, 663 (1978); *Dunn v. State of Tenn.*, 697 F.2d 121, 128 (1983); *Street v. Corrections Corporation of America*, 102 F.3d 810, 817-818 (6th Cir. 1996). Therefore, even if an individual agent of Quality Correctional Care of Michigan did act inappropriately (which Defendants strongly deny), Quality Correctional Care of Michigan is not liable for that individual's actions or omissions. *Grinter v. Knight,* 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber,* 310 F.3d 889, 899 (6th Cir. 2002).; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004).

To support a claim of deliberate indifference against Quality Correctional Care of Michigan, a plaintiff must identify a policy, practice, or custom by Quality Correctional Care of Michigan that is allegedly unconstitutional, connect the policy to Corizon, and demonstrate that his injury resulted from that policy. *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987)), cert. denied, U.S., 114 S. Ct. 1219, 127 L.Ed.2d 565 (1994) (Emphasis added).

7

The HCV protocol that Dr. Hutchinson utilizes is the protocol of the Michigan Department of Corrections, not Quality Correctional Care of Michigan. (**Exhibit A, ¶ 5**). Nevertheless, the MDOC HCV treatment program follows the latest national treatment guidelines. (**Exhibit A, ¶ 5**). Though the number of inmates who can receive treatment at any one time is controlled by the Michigan Department of Corrections, it is commensurate with number of individuals requiring treatment under the standards of the program. (**Exhibit A, ¶ 5**). In particular, under the MDOC program, inmates who have been identified as having HCV are monitored and prioritized for consideration for treatment. (**Exhibit A, ¶ 6**). Those inmates who need the treatment most immediately are provided access to the treatment first. (**Exhibit A, ¶ 6**).

### Argument 3: Plaintiff Lacks Corroborative Medical Evidence Demonstrating Harm Caused by an Inappropriate Delay in Treatment.

Because treatment has been provided for the serious medical need at issue (HCV), and Mr. Crawford is claiming that the treatment was inappropriately delayed, Mr. Crawford must present corroborative medical evidence demonstrating harm resulting from delay. *Blackmore v. Kalamazoo County*, 390 F.3d 890, 898 (6th Cir. 2004); *Napier v. Madison County*, 238 F.3d 739, 742 (6th Cir. 2001). Because Plaintiff cannot demonstrate such harm, Defendants are entitled to summary judgment for this additional reason.

8

## IV. CONCLUSION

In sum, Plaintiff has not demonstrated that his HCV condition was treated with deliberate indifference, that Quality Correctional Care of Michigan promulgated a policy or program of deliberate indifference to his HCV condition, that the MDOC program was deliberately indifferent to his HCV condition, or that he has suffered any adverse effects as a result of his treatment under the program. Accordingly, Quality Correctional Care of Michigan is entitled to summary judgment in this action.

WHEREFORE, Defendants QUALITY CORRECTIONAL CARE OF MICHIGAN and CRAIG HUTCHINSON, MD respectfully request that this Honorable Court grant their Motion for Summary Judgment, dismiss all claims against them with prejudice, and provide any and all such other relief as the Court deems just and equitable.

Respectfully submitted,
CHAPMAN LAW GROUP

Dated: December 29, 2017

/s/ Carly Van Thomme
Ronald W. Chapman Sr., M.P.A., LL.M (P37603)
Carly Van Thomme (P59706)
Attorney for Defendants Quality Correctional Care of Michigan and Craig Hutchinson, MD
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
cvanthomme@chapmanlawgroup.com

9

## **PROOF OF SERVICE**

I hereby certify that on December 29, 2017, I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system, which will send notification of such filing to the attorneys of record listed herein and I hereby certify that I have mailed by US Postal Service the document to the involved non participants.

s/Carly Van Thomme
Carly Van Thomme (P59706)
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
cvanthomme@chapmanlawgroup.com
