UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH CRAWFORD,

    Plaintiff,

v.

    Civil Case No. 17-11423
    Honorable Linda V. Parker

HEIDI WASHINGTON,
MICHIGAN DEPARTMENT OF
CORRECTIONS, CRAIG HUTCHINSON,
QUALITY CORRECTIONAL CARE OF
MICHIGAN, and MICHIGAN CORRECTIONS
COMMISSION

    Defendants.
_____/

**OPINION AND ORDER (1) REJECTING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION; (2) ADOPTING REPORT AND RECOMMENDATION; AND (3) GRANTING MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT FILED BY DEFENDANTS HEIDI WASHINGTON AND MICHIGAN DEPARTMENT OF CORRECTIONS**

This is a civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff alleges deliberate indifference to his medical needs in violation of his rights under the Eighth Amendment. On August 29, 2017, Defendants Michigan Department of Corrections ("MDOC") and MDOC Director Heidi Washington ("Washington") filed a motion to dismiss and/or for summary judgment. (ECF No. 22.) The

matter has been assigned to Magistrate Judge Anthony P. Patti for all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (ECF No. 9.)

On November 7, 2017, Magistrate Judge Patti issued a Report and Recommendation ("R&R") in which he recommends that this Court grant Defendants' motion. (ECF. No. 25.) Magistrate Judge Patti first concludes that MDOC is entitled to Eleventh Amendment immunity. He then concludes that Plaintiff failed to exhaust his administrative remedies with respect to his claim against Washington. Alternatively, Magistrate Judge Patti finds that Plaintiff fails to allege direct involvement in the alleged unconstitutional conduct to impose liability on Washington.

At the conclusion of the R&R, Magistrate Judge Patti informs the parties of their right to file objections. Plaintiff filed objections to the R&R on November 22, 2017, which Plaintiff signed and dated on November 16, 2017. (ECF No. 32.)

**Standard of Review**

When objections are filed to a magistrate judge's R&R on a dispositive matter, the court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to

certain conclusions of the R&R waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to certain conclusions in the magistrate judge's R&R releases the court from its duty to review independently those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

**Objection & Analysis**

Plaintiff lists six "objections" in his November 22, 2017 filing; however, many of those objections do not assert an error in the R&R. For example, in two of his objections, Plaintiff simply asserts that Defendants' motion should have been denied. In one objection, Plaintiff only acknowledges that MDOC *is* entitled to Eleventh Amendment immunity. Plaintiff though does assert that Defendants' motion should not have been granted before he was allowed an opportunity to amend his Complaint and conduct discovery. He also challenges Magistrate Judge Patti's conclusion that he failed to exhaust his administrative remedies as to Washington and that he failed to state an Eighth Amendment deliberate claim against her.

As to any amendment of his Complaint, Plaintiff has not moved to amend and has not indicated what any amendment would include to save his claims against MDOC or Washington. Plaintiff indicates only that he would amend his

3

Complaint to withdraw his claim against the State and its entities. (Obj. at 2-3, ECF No. 32 at Pg ID 174-75.)

In response to Defendants' motion, Plaintiff did not identify any facts that were unavailable to him and necessary to respond to Defendants' arguments. *See* Fed. R. Civ. P. 56(d). Moreover, Magistrate Judge Patti's recommendation for dismissal is based on the face of the Complaint and issues (immunity and exhaustion) for which further discovery would not provide relevant information. In other words, this Court agrees with Magistrate Judge Patti that additional discovery on these issues could not change the outcome.

With respect to the exhaustion issue, Plaintiff refers the Court "to the defendants' own confession of exhaustion for [his] claims against both defendants." (*Id*. at 3, Pg ID 175.) Defendants, however, never conceded that Plaintiff exhausted his claims against Washington. What they did concede was that he fully exhausted three grievances in accordance with MDOC policy. (R&R at 11, ECF No. 25 at Pg ID 141, citing ECF No. 22-3 at 2-4.) Defendants contended that Washington was not named in any of those grievances. Plaintiff has not demonstrated otherwise. As such, this Court agrees with Magistrate Judge Patti that Plaintiff failed to exhaust his administrative remedies with respect to his claim against Washington.

In Plaintiff's objections to Magistrate Judge Patti's holding that he failed to state a claim against Washington, Plaintiff reasserts the same arguments he made in response to Defendants' motion—that is, that Washington is liable because of her role as MDOC Director.  Plaintiff identifies neither specific personal involvement by Washington in his medical care nor her responsibility for any policy that was the "moving force" behind the alleged deliberate indifference.  As Magistrate Judge Patti thoroughly explained in his R&R, Sixth Circuit precedent requires a plaintiff to show that the defendant "'either encouraged the specific incident of misconduct or in some other way *directly participated* in it.'"  (R&R at 22, ECF No. 25 at Pg ID 152, quoting *Hays v. Jefferson Cty., Ky.*, 668 F.2d 869, 874 (6th Cir. 1982), emphasis added in R&R.)  Further, in the Sixth Circuit, "[t]he 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983."  *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)).

**Conclusion**

For these reasons, the Court rejects Plaintiff's objections to Magistrate Judge Patti's November 7, 2017 R&R.  The Court, therefore, adopts the magistrate judge's recommendations in the R&R.

Accordingly,

**IT IS ORDERED** that Defendants' motion to dismiss and/or for summary judgment is **GRANTED** and Defendant MDOC and Washington are **DISMISSED** from this action.

Dated: February 7, 2018  s/Linda V. Parker
U.S. District Court Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 7, 2018, by electronic and/or ordinary mail.

s/Julie Owens acting in the absence of Richard Loury
Case Manager