UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH CRAWFORD,

          Plaintiff,

v.

HEIDI WASHINGTON,
MICHIGAN DEPARTMENT
OF CORRECTIONS, CRAIG
HUTCHINSON, QUALITY
CORRECTIONAL CARE OF
MICHIGAN, and MICHIGAN
CORRECTIONS COMMISSION,

          Defendants.

_____/

Case No. 4:17-cv-11423
District Judge Linda V. Parker
Magistrate Judge Anthony P. Patti

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S NOVEMBER 16, 2017 MOTION FOR APPOINTMENT OF COUNSEL (DE 28)

**A.    Introduction**

Kenneth Crawford is currently incarcerated at the Michigan Department of Corrections (MDOC) Muskegon Correctional Facility (MCF). On April 28, 2017, while incarcerated at the MDOC Saginaw Correctional Facility (SRF), Plaintiff filed the instant lawsuit *in pro per*. (DE 1.) The facts underlying Plaintiff's complaint concern treatment for chronic hepatitis C virus (HCV), and his claims are based upon alleged deliberate indifference to his serious medical needs in violation of the Eighth Amendment. (DE 1 at 6-11.) He seeks compensatory and punitive damages. (DE 1 at 12.)

1

Defendants Quality Correctional Care of Michigan and Craig Hutchinson appeared via counsel on August 14, 2017. (DEs 15-16; *see also* DE 19-20.) Two weeks later, on August 28, 2017, Defendants Heidi Washington and MDOC appeared via counsel. (DE 21.) However, Defendants MDOC and Washington have since been dismissed. (DE 37.) Plaintiff has named a fifth defendant – "Michigan Corrections Commission, et [a]l[,]" – who has yet to appear.[1]

**B.     Pending Matters**

Judge Parker has referred this case to me for all pretrial proceedings. Currently pending before the Court are: **(1)** Plaintiff's November 16, 2017 motion for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) (DE 28); and **(2)** Defendants Quality Correctional Care of Michigan and Hutchinson's December 29, 2017 motion for summary judgment (DE 33), regarding which a response and reply have been filed (DEs 38, 39) and which will be addressed under separate cover in the future.

**C.     Discussion**

The Court recognizes Plaintiff's claims that he is relegated to a wheelchair and has "only limited access to the law library . . . ." (DE 28 at 2 ¶¶ 2, 4.) In

---

[1] Plaintiff seems to have named the "Michigan Corrections Commission" as a defendant in its capacity to administer the correctional facilities and/or select and employ the Director. (DE 1 at 2, 10; *see also* Mich. Comp. Laws §§ 791.202, 791.203.) However, the attempt at service upon this Defendant was unsuccessful. (DEs 11, 14.)

support of his request, Plaintiff also cites his "inability to investigate the facts," his level of education, his lack of legal experience and training, and the complex discovery rules. (DE 28 at 4 ¶¶ 10-12.)

It is true that, "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); however, Plaintiff's various filings illustrate his ability to effectively communicate with the Court. For example: **(1)** the Court is able to understand Plaintiff's type-written complaint (DE 1); **(2)** the Court granted Plaintiff's application to proceed without prepayment of the filing fee (DEs 2, 6); **(3)** Plaintiff has apprised the Court of his changes in address/contact information (DEs 5, 10); **(4)** the Court is easily able to understand the instant, handwritten motion (DE 28); and, **(5)** Plaintiff's typewritten response to the earlier dispositive motion and Plaintiff's handwritten response to the pending dispositive motion are coherent and legible (DE 24, 38). This interpretation of Plaintiff's filings is not marred by the Court's rejection of his objections (DEs 32, 37) or his unsuccessful appeal. (*See* DEs 41-43).

Finally, the Court does not have the authority to appoint a private attorney for Plaintiff in this civil matter. Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that "[t]he court may *request* an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). However, even if the circumstances of Plaintiff's case convinced the

3

Court to engage in such a search, "[t]here is no right to recruitment of counsel in federal civil litigation, but a district court has discretion to recruit counsel under 28 U.S.C. § 1915(e)(1)." *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014) (emphasis added); *see also Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) ("Congress hasn't provided lawyers for indigent prisoners; instead it gave district courts discretion to ask lawyers to volunteer their services in some cases.").

The Supreme Court has held that there is a presumption that "an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty." *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 26-27 (1981). With respect to prisoner civil rights cases in particular, the Court of Appeals for the Sixth Circuit has held that "there is no right to counsel. . . . The appointment of counsel in a civil proceeding is justified only by exceptional circumstances." *Bennett v. Smith*, 110 F. App'x 633, 635 (6th Cir. 2004).[2] Accordingly, although the Court has the statutory authority to request counsel for *pro se* plaintiffs in civil cases under 28 U.S.C. § 1915(e)(1), the exercise of this authority is limited to exceptional situations.

In evaluating a matter for "exceptional circumstances," a court should consider: (1) the probable merit of the claims, (2) the nature of the case, (3) the

---

[2] As noted above, although some of the case law colloquially discusses the Court's "appointment" of counsel in prisoner rights cases, under 28 U.S.C. § 1915 the Court may only request that an attorney represent an indigent plaintiff.

4

complexity of the legal and factual issues raised, and (4) the ability of the litigant to represent him or herself. *Lince v. Youngert*, 136 F. App'x 779, 782 (6th Cir. 2005); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993); *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). Applying these factors here: **(1)** the probable merit of Plaintiff's claims against Defendants Quality Correctional Care of Michigan and Hutchinson is being addressed as their pending dispositive motion is considered; **(2)** the nature of the case is straightforward, having one Plaintiff and only 2-3 remaining Defendants; **(3)** the case is not complex, even though it involves medically related claims; and, **(4)** Plaintiff has demonstrated the ability to represent himself, notwithstanding his suggestion to the contrary.[3]

**D.    Order**

Plaintiff has not described any circumstances to justify the Court's recruitment of counsel. Accordingly, at this time, his motion for appointment of counsel (DE 28) is **DENIED WITHOUT PREJUDICE**. Plaintiff may petition the Court for the recruitment of *pro bono* counsel if this case survives dispositive

---

[3] In fact, Plaintiff's citations to *Montgomery v. Pinchak*, 294 F.3d 492, 501-502 (3d Cir. 2002) (regarding "Plaintiff's Ability to Present His or Her own Case") (*see* DE 28 at 4 ¶ 10) and *Swofford v. Mandrell*, 969 F.2d 547, 552 (7th Cir. 1992) ("As for the complexity of the legal issues, we need only point to the difficult and subtle question of the state of mind required for a Fourteenth Amendment violation, . . . .") (*see* DE 28 at 5 ¶ 14) are perceptive and admirable. However, these cases are not binding upon this Court.

motion practice, proceeds to trial, or if other circumstances demonstrate such a need in the future.

**IT IS SO ORDERED.**


Dated: April 11, 2018                s/Anthony P. Patti
                                     Anthony P. Patti
                                     UNITED STATES MAGISTRATE JUDGE


**Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on April 11, 2018, electronically and/or by U.S. Mail.

                                     s/Michael Williams
                                     Case Manager for the
                                     Honorable Anthony P. Patti